IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Ray Miles, #275312,   )<br>   )<br>   Petitioner,   )<br>   )<br>vs.   )<br>   )<br>State of South Carolina,   )<br>   )<br>   Respondent.   )<br>_____)  | C/A No. 0:09-421-HMH-PJG<br><br>**REPORT AND RECOMMENDATION** |

The petitioner, Anthony Ray Miles ("Miles"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 18). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 20.) Miles timely filed a response in opposition to the respondent's motion. (Docket Entry 24.) The motion is now before the court for a Report and Recommendation.

### BACKGROUND

Miles was indicted in March 1998 in Lexington County for murder and first degree burglary (98-GS-32-1694) and in October 1997 in Lexington County for second degree burglary (97-GS-32-3608) and two counts of criminal domestic violence of a high and aggravated nature (97-GS-32-3239, 97-GS-32-3240). (App. at 216-223, 227-237, Docket Entry 19-2 at 81-88, 92-102.) Miles was represented by William Y. Rast, Esquire, and on May 21, 2001, waived his right to a jury trial and

pled guilty to the lesser included offenses of voluntary manslaughter and second degree burglary.[1] (App. at 28, 31, Docket Entry 19-1 at 30, 33.) The circuit court sentenced Miles to thirty years' imprisonment for voluntary manslaughter and five years' imprisonment for second degree burglary, both sentences to be served concurrently. (App. at 45, Docket Entry 19-1 at 47.) Miles, through attorney Robert T. Williams, Sr., filed a motion for reconsideration of his sentence on May 25, 2001. (App. at 47, Docket Entry 19-1 at 49.) The circuit court denied Miles's motion in an order dated June 12, 2003. (App. at 48-49, Docket Entry 19-1 at 50-51.) In its order, the court noted Miles's objection regarding the alleged inequity between the sentence he received and the sentence received by his co-defendant, Scott G. Wolfe, but determined that Miles's sentence was justified under the circumstances. (Id.)

Miles filed a direct appeal on June 20, 2003. (App. at 50, Docket Entry 19-1 at 52.) On appeal, Miles was represented by Robert T. Williams, Sr. On July 18, 2003, Miles filed an affidavit stating that he did not wish to appeal and requesting that his attorney drop the appeal filed on his behalf. (App. at 51-52, Docket Entry 19-1 at 53-54.) The South Carolina Court of Appeals entered an Order of Dismissal and Remittitur on July 22, 2003 dismissing Miles's direct appeal. (App. at 53, Docket Entry 19-1 at 55.)

On January 21, 2004, Miles filed an application for post-conviction relief ("2004 PCR Action") in which he was represented by Tara D. Shurling, Esquire. (See Miles v. State of South Carolina, 04-CP-32-0180, App. at 64-60, Docket Entry 19-1 at 56-62.) In his PCR application, Miles raised the following issues:

---

[1] As part of the plea negotiation, the State *nolle prossed* Miles's three 1997 indictments. (Docket Entry 19-1 at 31.)



(a) The Applicant received Ineffective Assistance of Trial Counsel prior and during his pleas[] in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 14 of the South Carolina Constitution.

(b) The Applicant's pleas were not voluntarily and intelligently entered inasmuch as the Applicant did not have a comprehensive understanding of the charges against him, the applicable South Carolina law, the evidence against him or possible defenses ava[ila]ble to him if he proceeded to trial by jury and his pleas were the product of ineffective assis[ta]nce of counsel.

(App. at 56, Docket Entry 19-1 at 58.) The State filed a return. (App. at 61-65, Docket Entry 19-1 at 63-67.) Miles amended his PCR application on January 18, 2006 to add the following three issues:

1. The Applicant alleges that his pleas of guilty were not knowingly, voluntarily and intelligently entered inasmuch as they were entered in strict reliance upon the State's assertion that his co-defendant had not been given any deals in exchange for his agreement to testify against the Applicant if he elected to proceed to trial by jury.

2. The Applicant asserts that his pleas of guilty were not voluntary and intelligently entered inasmuch as the State failed to disclose an extremely favorable plea bargain reached between former Deputy Solicitor Francis A. Humphries, Jr., and the Applicant's co-defendant; the terms of which could have been used by the Applicant to impeach the co-defendant's credibility had the Applicant elected to proceed to trial by jury.

3. Trial counsel was ineffective for failing to discuss with his client the option of moving to withdraw his pleas following counsel's discovery of previously undisclosed impeachment evidence.

(App. at 66-68, Docket Entry 19-1 at 68-70.) On November 27, 2006, the PCR court held an evidentiary hearing at which Miles appeared and testified. (App. at 69-194, Docket Entry 19-1 at 71 through Docket Entry 19-2 at 59.) The PCR judge denied Miles's PCR application by order dated March 5, 2007. (App. at 195-206, Docket Entry 19-2 at 60-71.) Miles did not appeal to the appellate courts pursuant to Rule 203(b)(1), SCACR.

PJG

Miles filed a second PCR application on May 1, 2007 ("2007 PCR Action"). (See Miles v. State of South Carolina, 07-CP-32-1565, App. at 207-213, Docket Entry 19-2 at 72-78.) The sole ground for relief in Miles's 2007 PCR Action was review of his 2004 PCR Action pursuant to Austin v. State.[2] The State waived its right to file a return and the parties consented to Austin review due to PCR counsel's failure to preserve Miles's right to appeal the PCR judge's decision by filing a notice of appeal. (Docket Entry 19-3.) In the consent order signed June 28, 2007, the circuit court granted Miles's 2007 PCR application and the opportunity to appeal the order of dismissal in his 2004 PCR Action by filing a notice of appeal from the June 28, 2007 order. (Id.)

Counsel for Miles filed a notice of appeal from the PCR judge's June 28, 2007 order on September 11, 2007. (App. at 225-26, Docket Entry 19-2 at 90-91.) On appeal, Miles was represented by Tara D. Shurling, Esquire. On December 14, 2007, Shurling filed a petition for a writ of certiorari pursuant to Austin v. State in which she presented the following question:

> I. Did the lower court correctly rule that the Petitioner is entitled to a belated appeal from a previous order denying post-conviction Relief?

(Docket Entry 19-4 at 3.) In addition, Shurling filed a petition for a writ of certiorari in which she presented the following questions:

> I. Was defense counsel ineffective in failing to properly advise the Petitioner with respect to a previously undisclosed plea bargain with a codefendant that could be used to impeach the codefendant's testimony at a new trial?
>
> II. Did defense counsel's failure to properly advise the Petitioner render the Petitioner's guilty pleas involuntary?

---

[2] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999).

(Docket Entry 19-5 at 3.) The State filed a return on April 14, 2008. (Docket Entry 19-6.) Counsel for Miles filed a reply to the State's return on April 24, 2008. (Docket Entry 19-7.) The South Carolina Supreme Court, in its order filed September 4, 2008, granted Miles's petition for a writ of certiorari pursuant to Austin v. State and, after Austin review, denied Miles's petition for a writ of certiorari from the final order in the 2004 PCR Action. (Docket Entry 19-8.) The remittitur was issued on September 25, 2008. (Docket Entry 19-9.)

## FEDERAL HABEAS ISSUES

Miles filed the instant Petition for a writ of habeas corpus on February 13, 2009. (Docket Entry 1.) In his Petition, Miles raises the following issues:

**Ground One: Involuntary Guilty Plea**
1. Mr. Miles['s] pleas of guilty were not knowingly, voluntary and intelligently entered inasmuch as they were entered in strict reliance upon the state[']s assertion that his co-defendant had not been given any deals in exchange for his agreement to testify against the Applicant if he elected to proceed to Trial by Jury.

2. Mr. Miles['s] pleas of guilty were not voluntarily and intelligently entered inasmuch as the state failed to disclose an extremely favorable plea bargain reached between former deputy solicitor Francis A. Humphries Jr. and [] Mr. Miles['s] co-defendant the terms of which could be used by Mr. Miles to impeach co-defendant[']s credibility had he elected to proceed to Trial by Jury.

**Ground Two: Ineffective Assistance of Counsel**
Plea counsel was ineffective for failing to discuss with his client the option of moving to withdraw his pleas following counsel's discovery of previously undisclosed impeachment evidence.

**Ground Three:**
Mr. Miles['s] co-defendant Scott G. Wolfe was charged with the same offenses as Mr. Miles and was allowed to plea[d] guilty to voluntary manslaughter with a negotiated plea of 12 years. This plea occur[r]ed the day



> after Mr. Miles entered his plea and the co-defendant[']s plea bargain had
> been worked out with a former Deputy Solicitor.

(Pet., Docket Entry 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow

the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.	Habeas Corpus Standard of Review**

    **1.	Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

PJG

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C. Respondent's Motion for Summary Judgment

### 1. Statute of Limitations

The respondent argues that Miles's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). Specifically, the respondent contends that the statutory deadline for Miles to timely file his federal Petition was February 2, 2009, and that Miles filed his Petition eleven (11) days after the expiration of that deadline. (Respt.'s Mem. in Supp. Mot. Summ. J., Docket Entry 19 at 26-30.) In response, Miles argues that he is entitled to equitably toll this deadline. (Docket Entry 24 at 2.) Miles asserts that his Petition was untimely due to the fact that his legal material box was stolen from his room on Tuesday, January 27, 2009. (Id. at 1.) Miles

contends that this box included a completed federal habeas petition that he intended to mail on Thursday, January 29, 2009, which was the day of the week designated for his prison dormitory to mail legal documents by certified mail. Miles asserts that upon discovering the missing petition, he requested on January 29, 2009 another habeas petition form from the court, which he received on February 9, 2009. Miles mailed this petition to the court on February 13, 2009. (Id. at 1-2.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Miles must show that the one-year limitations period should be equitably tolled under applicable federal law. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is subject to the principles of equitable tolling). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. Here, under penalty of perjury, Miles has alleged facts indicating that he may be entitled to equitable tolling. Without deciding the issue, in the interests of judicial economy, the court will turn to the merits of his Petition.

PJG

### 2. Procedural Bar

As an initial matter, the respondent argues, and Miles concedes, that Grounds One and Three of Miles's federal habeas Petition are procedurally barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). These issues are procedurally barred unless Miles can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. See Coleman, 501 U.S. at 750. Therefore, Miles is not entitled to federal habeas relief on these grounds.

### 3. Ground Two: Ineffective Assistance of Counsel

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Miles must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland,

Miles "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

In Ground Two, Miles asserts that his plea counsel was ineffective for "failing to discuss with his client the option of moving to withdraw his pleas following counsel's discovery of previously undisclosed impeachment evidence." (Pet., Docket Entry 1 at 7.) At the PCR hearing, Williams, Miles's attorney on his motion for reconsideration of the sentence, testified that Miles did not discuss wanting a trial. (App. at 159, Docket Entry 19-2 at 24.) Williams stated that Miles simply expressed a desire to receive the same deal that his co-defendant received, which was a sentence of twelve years. (App. at 160, 161, Docket Entry 19-2 at 25-26.) Williams also testified that he did not consider moving to withdraw Miles's plea because (1) Miles did not want a trial, and (2) he believed

Page 11 of 14

PJG

that Miles could receive a reduced sentence through a motion to reconsider. (App. at 158, Docket Entry 19-2 at 23.) The PCR court, in considering whether either Williams or Rast, Miles's plea counsel, was ineffective for failing to move to withdraw Miles's plea or consult with Miles about that option, found "Williams' testimony that [Miles] did not desire a trial and that he simply wanted a sentence reduction to be critical." (App. at 205, Docket Entry 19-2 at 70.) The court further found that Miles "would not have sought to withdraw his plea had that option been presented to him" and agreed with Williams's testimony that "the plea court would have denied [Miles's] motion to withdraw had he made it." (Id.) Therefore, the PCR court concluded that counsel was not deficient in any manner and that Miles was not prejudiced by counsel's representation. (App. at 206, Docket Entry 19-2 at 71.)

In response to the respondent's motion for summary judgment, Miles merely restates his claim, but appears to limit his claim to William Rast, his plea counsel.[3] (See Docket Entry 24 at 2.) Upon thorough review of the record in this matter, the court finds that Miles cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim or that

---

[3]Miles also appears to allege that Rast was ineffective for failing to investigate "whether or not [Miles's] co-defendant had been given any type of guilty plea agreement prior to [Miles] making the decision to plead guilty or not." (Docket Entry 24 at 2-3.) However, this issue was not raised in Miles's federal habeas Petition and therefore is not properly before the court. Moreover, even if it were, this issue was not raised to or ruled upon by the PCR court. Therefore, this issue was not preserved for state appellate review. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review). Accordingly, Miles has not properly exhausted this issue and it would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, this issue is not properly exhausted and is procedurally barred unless Miles can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. See Coleman, 501 U.S. at 750.

PJG

the PCR court made objectively unreasonable factual findings.  See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1).  Accordingly, Miles cannot show that plea counsel's performance fell below an objective standard of reasonableness and Miles cannot meet the standard enunciated under Strickland and Burket.  Strickland, 466 U.S. at 687; Burket, 208 F.3d at 189.  Therefore, Miles is not entitled to federal habeas relief on this ground.

## RECOMMENDATION

Based upon the foregoing, the court recommends that the respondent's motion for summary judgment (Docket Entry 18) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 7, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).