IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Ray Miles, #275312, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:09-421-HMH-PJG |
| | ) | |
| vs. | ) | **AMENDED OPINION & ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Anthony Ray Miles ("Miles") seeks

habeas corpus relief pursuant to 28 U.S.C. § 2254.  In her Report and Recommendation,

Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment.

Miles filed objections to the Report and Recommendation.  Objections to the Report

and Recommendation must be specific.  Failure to file specific objections constitutes a waiver

of a party's right to further judicial review, including appellate review, if the recommendation

is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th

Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Miles' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Miles objects to the magistrate judge's finding that his claims are procedurally barred. The magistrate judge found that Miles' first and third claims were procedurally defaulted. (Report and Recommendation 10.) The magistrate judge addressed Miles' second claim, alleging ineffective assistance of counsel, on the merits.

Miles alleges that his claims are not procedurally defaulted because he raised the issue that his "plea was involuntary" and "ineffective assistance of trial counsel prior and during his pleas" during his post conviction relief ("PCR") application. (Objections 2.) In ground one of his § 2254 petition, Miles alleges that his guilty plea was involuntary because his decision was based on the state's "assertion that his co-defendant had not been given any deals in exchange for his agreement to testify" against Miles. (§ 2254 Pet., generally.)

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Procedural default may be excused only if Miles "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "[T]he existence of cause for a procedural default . . . turn[s] on whether . . . [Miles] can show that some objective factor external to the defense impeded . . . [his] efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999). Miles has not provided the court with any evidence to establish cause for default or prejudice for defaulting his involuntary guilty plea claim. Accordingly, Miles has "not established cause for the default or that a fundamental miscarriage of justice would result by our failure to consider his claim." Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

Ground one is procedurally defaulted because Miles failed to raise this claim on appeal of his PCR application. In addition, the magistrate judge did not conclude that Miles' ineffective assistance of counsel claim was procedurally defaulted. The magistrate judge recommended that the ineffective assistance of counsel claim failed on the merits. Moreover, after review, the court agrees with the magistrate judge that Miles fails to demonstrate that the PCR court's decision regarding his ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the State court proceeding." 28 U.S.C. § 2254(d). Miles alleges that his plea counsel was ineffective for "failing to discuss with his client the option of moving to withdraw his pleas following counsel's discovery of previously undisclosed impeachment evidence."

3

(§ 2254 Pet., generally.)  Miles' counsel testified at the PCR hearing that Miles did not want a trial and only wished to receive the same sentence as his co-defendant.  (Def. Mem. Supp. Summ. J. Exs. (App. at 160, 161).)  The PCR court found that Miles "would not have sought to withdraw his plea had that option been presented to him."  (Id. Exs. (App. at 205).) Further, the PCR court agreed with Miles' counsel that "the plea court would have denied [Miles'] motion to withdraw had he made it."  (Id. Exs. (App. at 205).)  Based on the foregoing, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 18, is granted.  It is further

**ORDERED** that a certificate of appealability is denied because Miles has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b)(2).


**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 22, 2009

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.